# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV474-RJC-DSC

CHRISTOPHER BROWNSTEAD,)
                                  )
      Plaintiff,         )
                                  )
   vs.                    )
                                  )   **MEMORANDUM AND RECOMMENDATION**
JUDGE CHRISTY T. MANN and )           **AND ORDER**
IRENE P. KING,         )
                                  )
      Defendants.     )
                                  )

**THIS MATTER** is before the Court on Defendant Irene P. King's "Motion to Dismiss" (document #5) and "Brief in Support ..." (document #6), both filed March 4, 2010. The pro se Plaintiff has not filed a responsive brief and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Defendant's Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that Defendant's Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 2009, Plaintiff filed a Complaint in the United States District Court for the Western District of North Carolina against Mecklenburg County District Court Judge Christy T. Mann and attorney Irene King.[1] The Complaint characterizes Plaintiff's claim against Defendant

---

[1] Judge Mann apparently has not been served with a Summons and copy of the Complaint.

King as being brought against her "individually and in his/her official capacity as Officer of the Superior Court of Mecklenberg [sic] County." Plaintiff seeks relief "pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to [Plaintiff] by the Fourteenth Amendment of the federal Constitution, by the defendant under color of law in his/her capacity as a judge in the Superior Court of Mecklenberg [sic] County." See Complaint at 1 (document #1).

Taking the factual allegations of the Complaint as true, Defendant King is an attorney admitted to practice in the State of North Carolina. Defendant King formerly represented Plaintiff's wife in a domestic action against Plaintiff, who appeared pro se in that matter in Mecklenburg County Family Court, File No. 07-CVD-6452 (CTM).

In that domestic action, Defendant King filed a Motion for Contempt on September 10, 2008 seeking an order holding Plaintiff in contempt for his failure to comply with the provisions of an order awarding temporary child support and attorneys' fees. The Order was entered by Judge Mann on July 3, 2008 (hereinafter "the Order"). The Order directed Plaintiff to pay his ex-wife $10,000 in attorneys' fees. Following a hearing on November 10, 2008, Judge Mann found Plaintiff in contempt and allowed him to purge his contempt by paying the $10,000 attorneys' fees on or before January 3, 2009. Plaintiff paid the attorneys' fees on January 2, 2009.

On or about February 11, 2010, Ms. King received a copy of the Complaint and a "Summons in a Civil Action" in the above-captioned case that was neither signed, nor endorsed with the seal of any Clerk of Court.

On March 4, 2010, Defendant King filed the subject Motion to Dismiss on the basis, among others, that § 1983 claims must be premised on action taken by a State or other governmental official or entity.

The Plaintiff has not responded to the Defendant's Motion which is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

However, as the Supreme Court has recently held, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more

than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

In this case, even taking the limited allegations of the pro se Complaint as entirely true and construing every factual inference therefrom in Plaintiff's favor, his § 1983 constitutional claim against Defendant King must be dismissed. It is well settled that a § 1983 claim for a constitutional violation may be maintained only against government officials. Accord American Mfrs. Inc. Co.

4

v. Sullivan, 526 U.S. 40, 50 (1999) (in equal protection case, plaintiff entitled to relief, if any, only as to actions taken by government officials); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 619 (1991) ("constitutional guarantees ... do not apply to the actions of private entities"); and Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000).

A private attorney's acts are not considered to be "under the color of law" for purposes of 42 U.S.C. § 1983, even by virtue of that attorney's status as an "officer of the court." See, e.g., Polk County v. Dodson, 454 U.S. 312, 318-19, 324 (1981) (citing various Courts of Appeals cases holding that lawyers are not state actors acting "under color of state law" by virtue of being an officer of the court and holding that public defender did not act under color of law in exercising her professional judgment in case at issue). In other words, attorneys, whether privately retained or court-appointed, are not amenable to suit under 42 U.S.C. § 1983. Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), cert. denied, 454 U.S. 1151 (1982) (stating that the question of whether the representation by counsel is state action "is a question that other circuit courts, with complete unanimity, have answered by declaring unequivocally that there is a lack of state action in such a situation, and, consequently, no liability under [§] 1983); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who is retained to represent a criminal defendant is not acting under color of statute, and, if the defendant sought to attack his conviction on the basis of ineffective assistance of counsel, he must do so under the proper statute); Lloyd v. Jordan, 2008 WL 6893363, *1-2 (E.D.N.C. 2008) (holding that the plaintiff's claims for, inter alia, damages against a private attorney appointed to represent plaintiff, as well as against an assistant district attorney and two Judges were dismissed as frivolous); Smyer v. Braswell, 884 F.2d 1389, *1 (E.D.N.C. 1989) (unpublished) (holding that appeal was without merit because private attorneys are not subject to suit

5

under 42 U.S.C. § 1983).

In short, even taking Plaintiff's factual allegations as true, they are insufficient to support a § 1983 claim where the allegedly offending party was a private citizen. Accordingly, the Court will respectfully recommend that Defendant's Motion to Dismiss be <u>granted</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's"Motion to Dismiss" (document #5) be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE** as to Defendant King.

### IV. <u>ORDER</u>

**IT IS ORDERED** that all further proceedings in this action pertaining to Defendant King, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: March 25, 2010

David S. Cayer
United States Magistrate Judge